IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Evan Brown # 082906

Dauphin County Prison

501 Mall Road

Harrisburg, PA 17111

vs.                                    CIVIL COMPLAINT

1:22-CV-1401.

Adrienne Monroy

Michael Smith                          FILED
                                       HARRISBURG, PA
Arthur Etnoyer Jr.
                                       SEP 08 2022
Jordan Thomas
                                       PER_____
Daniel Tingle                               DEPUTY CLERK

TO BE FILED UNDER: 42 U.S.C. §1983 STATE OFFICIALS

INDIVIDUAL CAPACITY

I. DEFENDANTS

1. Adrienne Monroy

   Employed as a Police Officer for the Steelton Police

   123 North Front Street

   Steelton, PA 17113

2. Michael Schmidt

   Employed as a Police Officer for the Steelton Police

   123 North Front Street

   Steelton, PA 17113

3. Arthur Etnoyer Jr.

   Employed as a Police Officer for the Steelton Police

   123 North Front Street

   Steelton, PA 17113

4. Jordan Thomas

   Employed as a Police Officer for the Lower Swatara Police

   1499 Spring Garden Drive

   Middletown, PA 17057

5. Daniel Tingle

   Employed as a Police Officer for the Lower Swatara Police

   1499 Spring Garden Drive

   Middletown, PA 17057

II. STATEMENT OF CLAIM RE: Docket NO: CP-22-CR-0000356-2022

   Officer Monroy, Officer Smith, and Officer Etnoyer acting under color of state law as Police Officers for the Steelton Police Department violated the Plaintiff's Fourth Amendment United States Constitutional right and Pennsylvania Article 1 Section 8 Constitutional right to be free from unreasonable searches and Seizures.

Officer Thomas and Sergeant Tingle acting under color of state law as Police Officers for the Lower Swatara Police Department violated the Plaintiff's Fourth Amendment United States Constitutional right and Pennsylvania Article 1 Section 8 Constitutional right to be free from unreasonable searches and seizures.

Article 1 Section 8 - False Arrest / False Imprisonment

Fourth Amendment - Unlawful Seizure, Unlawful Arrest, Unlawful Detention -

On January 5th, 2022, around 6:20 p.m. Officer Thomas of the Lower Swatara Police Department requested Steelton Police to detain the Plaintiff for possible domestic violence. Officer Monroy and Officer Smith of the Steelton Police located the Plaintiff asleep sitting in the passenger seat not committing any crime. Officer Monroy knocked on the window and the Plaintiff opened the door. Officer Monroy asked the Plaintiff to exit the car and the Plaintiff complied. Officer Monroy testified that she did not smell alcohol on the Plaintiff. No weapons were reported. Officer Monroy asked the Plaintiff to turn around to place handcuffs on the Plaintiff effectuating an arrest. The Plaintiff was wrestled into handcuffs and placed in the back of a Lower Swatara Police car. The collective knowledge doctrine does not apply. Officer Thomas did not have probable cause to validate Officer Monroy's arrest. Officer Thomas did not see the Plaintiff driving. Officer Thomas was not present at the time the Plaintiff was arrested to observe any recent physical injury to the victim and did not have any evidence to corroborate the victims story which is required by 18 Pa.C.S. § 2711. Officer Thomas was not present at the time the Plaintiff was arrested to interact with the Plaintiff to render him DUI incapable of safely driving. Officer Thomas did not have the statutory authority under the Municipal Police Jurisdiction Act to effectuate the arrest outside of his primary jurisdiction.

Officer Monroy, Officer Smith, and Officer Etnoyer wrestled the Plaintiff into handcuffs. Officer Tingle and Officer Monroy escorted the Plaintiff and put him in the back of Officer Thomas' police car. Officer Thomas transported the Plaintiff to the booking center.

Article 1 Section 8 - Assault and Battery -

Fourth Amendment - Excessive Force -

Officer Monroy, Officer Smith, and Officer Etnoyer, wrestled the Plaintiff into handcuffs. They violently twisted the Plaintiff's arms behind his back to place him in handcuffs. The Plaintiff was dropped on his tailbone causing him to be unable to sit on his backside for three weeks. Officer Monroy, Officer Smith, and Officer Etnoyer assaulted the Plaintiff and used unnecessary force. The assault and battery and force were unreasonable, because the arrest of the Plaintiff was unreasonable as it was not supported by probable cause.

Article 1 Section 8 - Failure to Intervene -

Fourth Amendment - Failure to Intervene -

Officer Smith was standing near Officer Monroy and failed to or refused to intervene when Officer Monroy was going to commit a constitutional violation in his presence. Officer Smith had time from when Officer Monroy asked the Plaintiff to turn around and pulled out her handcuffs to stop the Plaintiff from being arrested without probable cause. Officer Tingle could have intervened and told Officer Monroy to take the handcuffs instead of placing the Plaintiff in the back of Officer Thomas' patrol car. Officer Thomas had time to intervene and tell the Steelton officers and Sergeant Tingle not to put the Plaintiff in his car and to take the cuffs off because he didn't have probable cause.

III. RELIEF

1. The Plaintiff wants compensatory and punitive damages for the mental anguish, stress, pain and suffering, harassment, oppression, and humiliation he experienced.

2. The Plaintiff is still incarcerated from these unlawful acts.

3. The Plaintiff wants $100,000 from each of the five officers for acting and participating in the unlawful seizure, unlawful arrest, unlawful detention, false arrest/false imprisonment a total of $500,000.

4. The Plaintiff wants an additional $75,000 a piece from Officer Monroy, Officer Smith, and Officer Etnoyer for the excessive force, assault and battery a total of $225,000, because the arrest was unreasonable and not supported by probable cause.

5. The Plaintiff wants no less than $725,000 as he is still effected and incarcerated 8 months after the unlawful arrest and excessive force.

## VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct.

Signed this __1st__ day of __September__, 20__22__.

_____
(Signature of Plaintiff)

4






7006 2760 0001 1073 5368

U.S. POSTAGE PAID
PM
HARRISBURG, PA
17111
SEP 07, 22
AMOUNT
$12.95
R2304E105290

1005   17101   -17




FROM: Evan Brown (52906)
501 Mall Rd, Harrisburg
Pa, 17111
Dauphin County
Prision

Expected delivery date specified for domestic use.
Most domestic shipments include up to $50 of insurance (restrictions apply).*
USPS Tracking® included for domestic and many international destinations.
Limited International insurance.**
When used internationally, a customs declaration form is required.

Insurance does not cover certain items. For details regarding claims exclusions see the
Domestic Mail Manual at http://pe.usps.com.
** See International Mail Manual at http://pe.usps.com for availability and limitations of coverage.

TO: The United State
district court for the
middle district of PA
228 walnut st
Harrisburg, Pa 17101

FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

TRACKED ■ INSURED

To schedule free Package Pickup,
scan the QR code.


